# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

NORTHWEST ADMINISTRATORS, INC.,

    Plaintiff,

v.

SANTA CLARITA CONVALESCENT CORPORATION, *et al.*,

    Defendants.

Case No. C17-1001RSL

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AGAINST SANTA CLARITA

This matter comes before the Court on "Plaintiff's Motion for Summary Judgment and Memorandum in Support Against Santa Clarita Convalescent Corporation." Dkt. # 30. Santa Clarita is an employer who participated in plaintiff's multiemployer benefits plan under the Employee Retirement Income Security Act ("ERISA"). In 1980, Congress amended ERISA to guard against the risk that an employer's withdrawal from a multiemployer benefit plan would leave the plan underfunded. The Multiemployer Pension Plan Amendments Act ("MPPAA") allows plans, such as plaintiff, to impose withdrawal liability on employers who pull out of a multiemployer plan in an amount equal to a proportionate share of the employer's unfunded vested benefits. Central States, Se. and Sw. Areas Pension Fund v. Schilli Corp., 420 F.3d 663, 667 (7th Cir. 2005).

Plaintiff has provided evidence that Santa Clarita withdrew from the multiemployer benefits plan in January 2015. In March 2015, plaintiff received an email

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT AGAINST
SANTA CLARITA - 1

from Henry Kim, who identified himself as the President/managing member of 23801 Newhall Avenue, LLC. Mr. Kim notified plaintiff that, "[e]ffective January 5, 2015, there has been a change of ownership at Santa Clarita Convalescent Hospital. The legal entity name is 23801 Newhall Avenue, LLC. The dba is Santa Clarita Post Acute Care Center . . . Please email all correspondence to 23801 Newhall Ave., Newhall, CA 91321." Dkt. # 31-2.

In August 2016, plaintiff sent a certified letter to the address provided by Mr. Kim notifying Santa Clarita that the Trust Fund had assessed a withdrawal liability in the amount of $69,731.80 and demanding payment on a specified schedule. Santa Clarita made no response: it did not request a review of the Trust Fund's determination, make the specified periodic withdrawal liability payments, or initiate arbitration. Plaintiff sent notification and demand letters to three other addresses related to Santa Clarita in September 2016, November 2016, and April 2017. The first two were returned to plaintiff unclaimed. The third was not returned, but it was apparently sent via first-class mail to the address provided by Mr. Kim in his March 2015 email. Santa Clarita made no response. Plaintiff filed this lawsuit on July 3, 2017, and served Santa Clarita at both the Newhall Avenue address and through its registered agent.

Plaintiff seeks a summary determination that Santa Clarita is liable for the withdrawal liability payments that were assessed, liquidated damages, interest, and attorney's fees and costs. Santa Clarita asserts failure to provide notice of withdrawal liability as an affirmative defense (Dkt. # 21 at 6) and requests that the summary judgment motion be denied as premature under Fed. R. Civ. P. 56(d) so that it may pursue discovery from Mr. Kim and certain union representatives regarding "notice and payment issues." Dkt. # 32.

Nothing in the record or in defendant's Rule 56(d) request indicates that Santa Clarita made any payments, much less that discovery regarding payments will assist it in

opposing plaintiff's motion. As for the notice issue, even if the Court assumes that the four letters sent by plaintiff all went astray, service of the complaint in this action provided Santa Clarita with sufficient notice under the MPPAA. See Nw. Adm'rs, Inc. v. N. Distrib., LLC, 2011 WL 252946, at * 2 (W. D. Wash. Jan. 26, 2011) (collecting cases holding "that the filing and service of a civil complaint constitutes[s] sufficient notice under the MPPAA"). The complaint in this case met the statutory notice requirements: it notified Santa Clarita of the amount of the withdrawal liability, the schedule for payments, and that payment was sought. See 29 U.S.C. § 1399(b)(1).

"Congress intended that disputes over withdrawal liability would be resolved quickly, and established a procedural bar for employers who fail to arbitrate disputes over withdrawal liability in a timely manner." Bowers v. Transportacion Maritima Mexicana, S.A., 901 F.2d 258, 263 (2nd Cir. 1990) (quotation marks omitted). Despite the notice provided by service of the complaint in this matter, Santa Clarita has not requested review of the liability determination (29 U.S.C. § 1399(b)(2)) or sought arbitration (29 U.S.C. § 1401(a)). Nor has Santa Clarita made payments toward the withdrawal liability, which were due "notwithstanding any request for review or appeal of the determinations of the amount of such liability or of the schedule" for payments. 29 U.S.C. § 1399(c)(2). None of these facts is disputed. The Court therefore finds as a matter of law that Santa Clarita has waived its ability to contest the assessment or amount of the withdrawal liability. See Teamsters Pension Trust Fund v. Allyn Transp. Co., 832 F.2d 502 (9th Cir. 1987) (affirming district court decision that failure to initiate arbitration within the statutory period resulted in liability as calculated by the trust fund); Nw. Adm'rs, 2011 WL 252946, at *2. In these circumstances, discovery will not assist defendant in mounting an opposition to plaintiff's motion.

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT AGAINST
SANTA CLARITA - 3

For all of the foregoing reasons, the Court finds that Santa Clarita is liable for the withdrawal liability amount assessed, plus liquidated damages, interest from the first scheduled payment date after the complaint was served, and fees and costs. Plaintiff's motion for summary judgment (Dkt. # 30) is GRANTED and Santa Clarita's Rule 56(d) request (Dkt. # 32) is DENIED. Judgment will not be entered at this time because plaintiff has asserted claims against 23801 Newhall Avenue, LLC, and has not shown that a partial judgment is warranted under Rule 54(b).

Dated this 20th day of April, 2018.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge