UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
NORTHWEST ADMINISTRATORS, INC.,     )
                                    )   No. C17-1001RSL
                    Plaintiff,      )
        v.                          )
                                    )   ORDER FOR FURTHER BRIEFING
SANTA CLARITA CONVALESCENT          )
CORPORATION, *et al.*,              )
                                    )
                    Defendants.     )
_____)

This matter comes before the Court on "Defendant 23801 Newhall Avenue, LLC's Motion for Summary Judgment." Dkt. # 37. Plaintiff seeks to hold defendant 23801 Newhall Avenue, LLC, jointly and severally liable for a liability its predecessor, Santa Clarita Convalescent Corporation ("SCCC"), incurred when it withdrew from an underfunded multi-employer pension plan. 23801 Newhall purchased a 99-bed skilled nursing facility from SCCC through an Asset Purchase Agreement that closed on January 5, 2015. Plaintiff subsequently learned of the transfer and assessed withdrawal liability against SCCC as of the date of the transfer. The Court entered judgment against SCCC for the full amount claimed. 23801 Newhall seeks dismissal of the claims against it because, as an asset purchaser with no knowledge of SCCC's withdrawal liability, equity does not favor imposing SCCC's statutory liability on 23801 Newhall.

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

The general rule is that the purchaser of assets does not acquire the seller's liabilities related to those assets. Resilient Floor Covering Pension Tr. Fund Bd. of Trustees v. Michael's Floor Covering, Inc., 801 F.3d 1079, 1090 (9th Cir. 2015). An exception arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multi-Employer Pension Plan Amendments Act, 29 U.S.C. § 1001-1461, where there is substantial continuity in the business operations after the sale and the buyer had prior notice of the seller's withdrawal liability. Resilient Floor, 801 F.3d at 1092-93. It is undisputed that 23801 Newhall continued to operate the skilled nursing facility after the sale. With regards to the second element of the successor liability analysis, plaintiff argues that, at the time of purchase, 23801 Newhall knew that SCCC faced withdrawal liability and/or should have known of the potential liability.

The evidence does not support a finding of actual knowledge. The only evidence in the record shows that 23801 Newhall and its principal, Henry Kim, had not previously purchased, owned, or operated an entity affiliated with a labor union or participating in a multi-employer pension plan. In the Asset Purchase Agreement, SCCC expressly warranted that it did not sponsor, maintain, or contribute to any pension or benefit plans. 23801 Newhall was unfamiliar with the concept of withdrawal liability. The fact that SCCC had and disclosed a collective bargaining agreement with the Teamsters union does not support a finding of actual notice of potential withdrawal liability: a collective bargaining agreement can exist separately from any obligation to fund employee pension or benefit plans and, even if such a plan exists, withdrawal liability does not automatically arise when an employer sells the assets of the business. Nor does the fact that 23801 Newhall negotiated a broad indemnification provision which covered liabilities arising under ERISA suggest actual knowledge of a multi-employer pension plan or potential withdrawal liability: the evidence shows the language was imported from a prior transaction that did not involve any union participation at all.

In the absence of evidence of actual knowledge, plaintiff argues that, once the collective bargaining agreement was disclosed, 23801 Newhall had a duty to investigate further to determine whether SCCC was participating in a multi-employer pension plan and whether withdrawal liability could be triggered by the transaction. The Ninth Circuit recently clarified that an asset purchaser can be held liable for the seller's withdrawal liability if it had constructive knowledge of the liability. Under that standard, "purchasers are deemed to have notice of any facts that one using reasonable care or diligence should have." Heavenly Hana LLC v. Hotel Union & Hotel Indus. of Hawaii Pension Plan, 891 F.3d 839 (9th Cir. 2018) (internal quotation marks omitted). The Ninth Circuit reasoned that "[r]equiring purchasers to make reasonable inquiries into the existence of withdrawal liability advances the congressional interest in preventing underfunding in multi[-]employer pension plans." Id. at 846. The court's ruling clearly and intentionally incentivizes purchasers to identify any potential withdrawal liability and ensure that it is accounted for during an asset purchase. Id.

Given 23801 Newhall's reliance on the now-overruled district court decision in Heavenly Hana, the Court requests supplemental memoranda and evidence related to the applicability of the constructive knowledge standard in this case. In Heavenly Hana, the Ninth Circuit noted that "the origins of successor liability are equitable, [and] fairness is a prime consideration in its application" (Id. (quoting Resilient Floor, 801 F.3d at 1091)) and found as a matter of law that the purchaser had constructive knowledge where it could have taken "simple steps to gain knowledge of the withdrawal liability" (Id. at 848). At present, the record shows that 23801 Newhall knew that SCCC was a party to a collective bargaining agreement. Plaintiff has not produced any evidence to rebut Mr. Kim's statements regarding 23801 Newhall's state of knowledge, relative sophistication regarding pension matters, or the negotiation of the Asset Purchase Agreement. The parties will be given an opportunity to address whether there is additional evidence that is relevant to the constructive knowledge determination, whether the facts of this case gave rise to a duty on 23801 Newhall's part to investigate further, and/or

whether imposition of withdrawal liability would be fair.

For all of the foregoing reasons, the parties are invited to submit supplemental memoranda applying Heavenly Hana LLC v. Hotel Union & Hotel Indus. of Hawaii Pension Plan, 891 F.3d 839 (9th Cir. 2018), to the facts of this case and providing any additional evidence related to 23801 Newhall's constructive knowledge of the withdrawal liability. The Clerk of Court is directed to renote 23801 Newhall's motion for summary judgment (Dkt. # 37) for Friday, July 27, 2018. Defendant shall file its supplemental memorandum of no more than ten pages on or before July 9, 2018. Plaintiff shall file its response memorandum of no more than ten pages on or before July 23, 2018. Defendant shall file its reply of not more than five pages on or before the note date.

Dated this 27th day of June, 2018.

Robert S. Lasnik
United States District Judge