UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NORTHWEST ADMINISTRATORS, INC.,

        Plaintiff,

   v.

SANTA CLARITA CONVALESCENT
CORPORATION, *et al.*,

        Defendants.

No. C17-1001RSL

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT

This matter comes before the Court on "Defendant 23801 Newhall Avenue, LLC's Motion for Summary Judgment." Dkt. # 37. Plaintiff seeks to hold defendant 23801 Newhall Avenue, LLC, jointly and severally liable for a liability its predecessor, Santa Clarita Convalescent Corporation ("SCCC"), incurred when it withdrew from an underfunded multi-employer pension plan. 23801 Newhall purchased a 99-bed skilled nursing facility from SCCC through an Asset Purchase Agreement that closed on January 5, 2015. Plaintiff subsequently learned of the transfer and assessed withdrawal liability against SCCC as of the date of the transfer. The Court entered judgment against SCCC for the full amount claimed. 23801 Newhall seeks dismissal of the claims against it because, as an asset purchaser with no knowledge of SCCC's withdrawal liability, equity does not favor imposing SCCC's statutory liability on 23801 Newhall.[1]

---

[1] Because the Court finds this argument persuasive, it need not determine whether plaintiff was obligated to send written notice of the calculated withdrawal liability and a demand for payment to both the predecessor and successor companies under 29 U.S.C. § 1399(b)(1).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[2] the Court finds that 23801 Newhall is entitled to judgment as a matter of law. The general rule is that the purchaser of assets does not acquire the seller's liabilities related to those assets. <u>Resilient Floor Covering Pension Tr. Fund Bd. of Trustees v. Michael's Floor Covering, Inc.</u>, 801 F.3d 1079, 1090 (9th Cir. 2015). An exception arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multi-Employer Pension Plan Amendments Act, 29 U.S.C. § 1001-1461, where there is substantial continuity in the business operations after the sale and the buyer had prior notice of the seller's withdrawal liability. <u>Resilient Floor</u>, 801 F.3d at 1092-93. It is undisputed that 23801 Newhall continued to operate the skilled nursing facility after the sale. With regards to the second element of the successor liability analysis, plaintiff argues that a reasonable fact finder could infer that, at the time of purchase, 23801 Newhall knew that SCCC faced withdrawal liability and/or should have known of the potential liability.

The evidence does not support a finding of actual knowledge. The only evidence in the record shows that 23801 Newhall and its principal, Henry Kim, had not previously purchased, owned, or operated an entity affiliated with a labor union or participating in a multi-employer pension plan. In the Asset Purchase Agreement, SCCC expressly warranted that it did not sponsor, maintain, or contribute to any pension or benefit plans. 23801 Newhall was unfamiliar with the concept of withdrawal liability. The fact that SCCC had and disclosed a collective bargaining agreement with the Teamsters union does not support a finding of actual notice of potential withdrawal liability: a collective bargaining agreement can exist separately from any obligation to fund employee pension or benefit plans and, even if such a plan exists, withdrawal liability does not automatically arise when an employer sells the assets of the business. Nor does the fact that 23801 Newhall negotiated a broad indemnification provision which covered

---

[2] This matter can be decided on the papers submitted. Defendant's request for oral argument is therefore DENIED.

liabilities arising under ERISA suggest actual knowledge of a multi-employer pension plan or potential withdrawal liability: the evidence shows the language was imported from a prior transaction that did not involve any union participation at all.

In the absence of evidence of actual knowledge, plaintiff argues that, once the collective bargaining agreement was disclosed, 23801 Newhall had a duty to investigate further to determine whether SCCC was participating in a multi-employer pension plan and whether withdrawal liability could be triggered by the transaction. The Ninth Circuit recently clarified that an asset purchaser can be held liable for the seller's withdrawal liability if it had constructive knowledge of the liability. Under that standard, "purchasers are deemed to have notice of any facts that one using reasonable care or diligence should have." Heavenly Hana LLC v. Hotel Union & Hotel Indus. of Hawaii Pension Plan, 891 F.3d 839, 845 (9th Cir. 2018) (internal quotation marks omitted). The Ninth Circuit reasoned that "[r]equiring purchasers to make reasonable inquiries into the existence of withdrawal liability advances the congressional interest in preventing underfunding in multi[-]employer pension plans." Id. at 846. The court's ruling clearly and intentionally incentivizes purchasers to identify any potential withdrawal liability and ensure that it is accounted for during an asset purchase. Id. at 846-47.

Still, "the origins of successor liability are equitable, [and] fairness is a prime consideration in its application." Id. at 846 (quoting Resilient Floor, 801 F.3d at 1091). A constructive knowledge standard is not the same as strict liability: withdrawal liability will transfer to a successor only if (a) the purchaser, using reasonable care or diligence, would have discovered the withdrawal liability and (b) imposition of liability would be fair given the circumstances. Id. at 847. In Heavenly Hana, the purchaser operated other hotels that participated in multi-employer pension plans, knew that the seller contributed to such a plan, and, in previous deals, had instructed its due diligence team to investigate potential withdrawal liability. In this transaction, the purchaser chose to negotiate a provision requiring the seller to provide notice of any plan deficiencies: it made no effort to review the annual funding notices

the seller had received alerting it to deficiencies or the plan administrator's public website containing the deficiency notices. At the same time, the purchaser sent a due diligence team, including engineers, to evaluate the physical premises it was buying and ultimately negotiated a significant reduction in the purchase place based on their findings. The Ninth Circuit concluded that, "[i]n these circumstances, a reasonable purchaser would have taken additional actions to determine if withdrawal liability existed," such as reviewing the publicly available documents, asking for copies of all notices the seller had received, and/or requiring the seller to obtain from the plan an estimated amount of withdrawal liability. Id.

In this case, all 23801 Newhall knew was that SCCC was a party to a collective bargaining agreement. 23801 Newhall had no previous experience or familiarity with multi-employer pension plans or the concept of withdrawal liability. SCCC expressly stated that it was not participating in any pension or benefit plans. Plaintiff argues that a thorough reading of the collective bargaining agreement would have shown that SCCC misrepresented this important fact and may have led 23801 Newhall to the plan administrator, which could then have provided information regarding SCCC's potential withdrawal liability. 23801 Newhall was not assuming any right or obligations under the collective bargaining agreement, however: given the information 23801 Newhall had, further investigation was simply not indicated.

Plaintiff has not produced any evidence to rebut Mr. Kim's statements regarding 23801 Newhall's state of knowledge, relative sophistication regarding pension matters, or the negotiation of the Asset Purchase Agreement. The Court finds, based on the undisputed facts, that 23801 Newhall did not have actual or constructive notice of SCCC's potential withdrawal liability at the time of the asset purchase. The Court further finds that the imposition of withdrawal liability on the successor in these circumstances would be unfair even when balanced against the protective purposes of the federal statutes at issue.

//

For all of the foregoing reasons, defendant's motion for summary judgment is GRANTED. The Clerk of Court is directed to enter judgment in favor of defendant 23801 Newhall Avenue, LLC, and against plaintiff.

Dated this 9th day of November, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge